IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 10-cv-2920 ) |
| STONEY CREEK FIREPLACE AND GRILLS, LLC, ALLSTATE INSURANCE COMPANY A/S/O DEBORAH AND REZA RAFIEE, DEBORAH AND REZA RAFIEE, and DAVID MOORE CONSTRUCTION, LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

1.      Pennsylvania National Mutual Casualty Insurance Company ("Penn") is incorporated in the State of Pennsylvania with its principal place of business at Harrisburg, Pennsylvania. Penn is authorized to do business in the State of Tennessee.

2.      Allstate Insurance Company ("Allstate") is a Delaware corporation with its principal place of business at Northbrook, Illinois. Allstate is authorized to do business in the State of Tennessee.

3.      Stoney Creek Fireplace and Grills, L.L.C. ("Stoney Creek") is a Tennessee limited liability company with its principal place of business in Somerville, Fayette County, Tennessee.

4.      Upon information and belief, Deborah Rafiee and Reza Rafiee are citizens of Shelby County, Tennessee. They currently reside at 71 Iron Creek Court North, Apt. 204, Collierville, Shelby County, Tennessee.

5.      David Moore Construction ("DMC") is a Tennessee limited liability company with

its principal place of business in Collierville, Shelby County, Tennessee.

6.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Diversity jurisdiction is proper under 28 U.S.C. § 1332.

8.      This is a declaratory judgment action.

9.      Plaintiff is seeking a declaration related to a business liability insurance policy it issued to Stoney Creek.

10.      In accordance with Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, plaintiff named the defendants as parties because they may have claims or interests affected by this declaratory judgment action.

11.      Plaintiff properly named Allstate, the Rafiees and DMC as defendants in this action to ensure that it complied with Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, to give these defendants notice of this action, and to give them an opportunity to protect any interests they may have in it.

12.      Plaintiff is not seeking money or any other relief from Allstate, the Rafiees, or DMC at this time.

13.      Penn issued policy number BP90618024 ("the Policy") to Stoney Creek.

14.      A copy of the Policy is attached as Exhibit A.

15.      Exhibit A is incorporated by reference herein.

16.      On October 21, 2010, Allstate and the Rafiees filed the following action: <u>Allstate Insurance Company, As subrogee of Deborah and Reza Rafiee, and Deborah and Reza Rafiee Personally v. Stoney Creek Fireplace and Grills, LLC, and David Moore Construction, LLC</u>, No. 5615 in the Circuit Court for Fayette County, Tennessee.

17.      A copy of the complaint referenced in the preceding paragraph is attached as Exhibit

B.

18.     Exhibit B is incorporated by reference herein.

19.     In their complaint, Allstate and the Rafiees allege that the Rafiees sustained significant property damage to their residence and the contents contained therein as a result of a fire that occurred on October 21, 2007.

20.     Stoney Creek installed a fireplace in the master bedroom of the Rafiees' residence during the construction of the Rafiees' residence.

21.     DMC built the Rafiees' residence and sold it to the Rafiees on March 3, 2007.

22.     Allstate and the Rafiees claim that the subject fire originated at the fireplace in the master bedroom and was caused by the improper and negligent installation of said fireplace by Stoney Creek.

23.     Upon information and belief, Stoney Creek was first notified of the subject fire on October 25, 2007, by letter from Allstate, the Rafiees' insurance company.

24.     A copy of the letter identified in ¶23 is attached as Exhibit C.

25.     Exhibit C is incorporated by reference herein.

26.     In the letter, Allstate claims that the Rafiees suffered damages in the amount of $1.2 million as a result of the subject fire.

27.     On November 1, 2007, counsel for Allstate notified Stoney Creek, DMC, and Heat & Glo/Hearth & Home Technologies about an inspection at the Rafiees' house on November 15, 2007.  On January 3, 2008, the same three parties, WA Jones Plumbing and B&R Electric were notified about a second inspection at the Rafiees' house on January 10, 2008.

28.     A copy of the November 1, 2007 and January 3, 2008 letters identified in ¶27 are

3

attached as Collective Exhibit D.

29.     Collective Exhibit D is incorporated by reference herein.

30.     Shawn Morris was present on behalf of Stoney Creek at both the November 15, 2007 and January 10, 2008 inspections of the Rafiees' house.

31.     On April 20, 2009 and July 28, 2009, counsel for Allstate sent identical letters to Stoney Creek stating that they were "for settlement purposes only." The letters outlined Allstate's claim in excess of $1.2 million for reimbursement for the damages Allstate paid to the Rafiees as a result of the subject fire. The letters recommended that Stoney Creek report this matter to its insurance company for handling.

32.     A copy of the April 20, 2009 and July 28, 2009 letters identified in ¶31 are attached as Collective Exhibit E.

33.     Collective Exhibit E is incorporated by reference herein.

34.     On November 17, 2009, counsel for Allstate sent a letter to Stoney Creek threatening to file suit against Stoney Creek to recover damages paid to the Rafiees for damages caused by the subject fire if Stoney Creek did not respond by December 15, 2009.

35.     A copy of the November 17, 2009 letter identified in ¶34 is attached as Exhibit F.

36.     Collective Exhibit F is incorporated by reference herein.

37.     Allstate did not contact Penn regarding the subject fire or the two site inspections. Allstate did not recommend that Stoney Creek report this matter to its insurance company until after the inspections were complete.

38.     On November 20, 2009, Stoney Creek's insurance agent submitted to Penn a Notice of Occurrence Form notifying Penn of the Rafiees' claim that their fireplace had been improperly

installed by Stoney Creek and that the improper installation had caused a fire that destroyed their house. This was Penn's first notice of the subject loss.

39. A copy of the Notice of Occurrence Form identified in ¶38 is attached as Exhibit G.

40. Collective Exhibit G is incorporated by reference herein.

41. On January 11, 2010, Penn notified Stoney Creek that it was investigating this claim under a full reservation of rights based upon Stoney Creek's delay in reporting the subject occurrence.

42. The policy provides as follows:

> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. ...
>
> b. If a claim is made or "suit" is brought against any insured, you must: ...
>
> > (2) Notify us as soon as practicable.
> >
> > You must see to it that we receive written notification of the claim or "suit" as soon as practicable.

See Businessowners Liability Coverage Form at BP 00 06 01 97 (Page 10-11 of 15) (Exhibit A).

43. The subject fire was an occurrence under the policy.

44. Stoney Creek had a duty under the policy to report "as soon as practicable" any occurrence that may result in a claim against it.

45. Stoney Creek breached its duty under the policy to report "as soon as practicable" any occurrence that may result in a claim against it.

46. Stoney Creek breached this duty because (1) Stoney Creek had knowledge of the insurance policy and knowledge of the occurrence (the subject fire) as early as October 27, 2007; (2)

Stoney Creek had knowledge that Allstate was claiming that the fire originated in the master bedroom at the gas fireplace installed by Stoney Creek on October 27, 2007; (3) Stoney Creek should have anticipated a claim against it due to the subject fire on October 27, 2007; and (4) Stoney Creek failed to report the subject occurrence to Penn until November 20, 2009.

47.      Penn was prejudiced by Stoney Creek's delay in reporting the subject fire.

48.      Penn was prejudiced by Stoney Creek's delay in reporting the subject fire because (1) the principal joint fire scene inspection (on January 10, 2008) had been completed by other parties long before Penn had notice of the subject fire; (2) the fire scene was no longer available for examination or technical evaluation when Penn was notified of the subject fire; (3) Penn did not have its own expert at the joint fire scene inspection to perform his or her own evaluation of the cause of the fire and to participate in determining what issues should be investigated and how; and (4) Penn's absence from the joint fire scene inspection makes it impossible to evaluate thoroughly and properly the cause of fire.

49.      Stoney Creek failed to comply with key reporting and cooperation obligations under the policy and Penn was prejudiced as a result.  Therefore, Penn is not obligated under the policy to provide coverage, including a defense or indemnity, to Stoney Creek for the claims being made against it by Allstate and the Rafiees.

50.      In light of the foregoing, there is a bona fide, actual, and present need for a declaration of the rights and responsibilities of the parties pursuant to the policy.

51.      Penn demands entry of a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, binding on all parties and declaring the rights and legal obligations of Stoney Creek and Penn under the policy for the claims of Allstate and the Rafiees arising from the subject fire.

52.     Penn also demands that a declaratory judgment entered by this Court, binding on all parties, state that Penn has no obligation to provide coverage, including a defense or indemnity, to Stoney Creek for the claims of Allstate and the Rafiees arising from the subject fire.


          s/Greg Callaway
          Greg Callaway, No. 18575
          Susan VanDyke, No. 23070
          HOWELL & FISHER, PLLC
          Court Square Building
          300 James Robertson Parkway
          Nashville, TN 37201-1107
          #615/244-3370
          Attorneys for Penn National

F:\SSV\Stoney Creek Fireplace (GC)\complaint.12-21-10.wpd